BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-MC-00011-MCE-EFB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $8,700.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about August 10, 2015, the U.S. Forest Service ("USFS") seized Approximately $8,700.00 in U.S. Currency (the "defendant currency") from a vehicle driven by Angela McArthur ("McArthur") during a vehicle stop in Trinity County, California.

2. The Federal Bureau of Investigation ("FBI") commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about November 2, 2015, the FBI received a claim from McArthur asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on August 10, 2015, officers with the USFS initiated a traffic stop on a vehicle driven by McArthur.  There were also two other passengers in the vehicle.  The vehicle was pulled over in the Shasta Trinity National Forest

for having for crossing over the fog line three times as well as no license plate lights in violation of the California Vehicle Code.

4. The United States could further show at trial that during the traffic stop, officers detected the smell of marijuana coming from the interior of the van. Officers asked if there was any marijuana in the van and McArthur initially denied it, but admitted to possessing a small amount. Officers conducted a probable cause search and found a pipe with marijuana in it, approximately 170 grams of marijuana and two stacks of cash with a note on it that looked like a pay/owe sheet with "Angela" at the top of the note. McArthur admitted that she was working in the area trimming marijuana. McArthur told the officers that she brought $11,000.00 in cash with her when she came out to trim marijuana and that she had $8,700.00 left. When officers asked her why she was carrying so much cash, McArthur told them she didn't believe in banks.

5. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

6. Without admitting the truth of the factual assertions contained in this stipulation, Angela McArthur specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, McArthur agrees that an adequate factual basis exists to support forfeiture of the defendant currency. McArthur hereby acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, McArthur shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

///

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. Upon entry of the Consent Judgment of Forfeiture, $4,700.00 of the Approximately $8,700.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,000.00 of the Approximately $8,700.00 in U.S. Currency shall be returned to potential claimant Angela McArthur, through her attorney John M. Kucera.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Angela McArthur waives the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

15. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:  April 27, 2016

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

Consent Judgment of Forfeiture